# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **FREDERICK LUSTER,** on behalf of himself and all others similarly situated, | ) <br> ) CIVIL ACTION NO. <br> ) **1:15-cv-00489-MHC** <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| **AUDAX GROUP, LP,** a Delaware Limited Partnership, and | ) <br> ) <br> ) |
| **UNITED RECOVERY SYSTEMS, LP,** a Texas Limited Partnership, and | ) <br> ) <br> ) |
| **AID ASSOCIATES, INC.** d/b/a Plaza Associates, a New York Corporation, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## COMBINED NOTICE OF RULING IN *SPOKEO V. ROBINS* AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF ARTICLE III STANDING

John Bedard, Esq.
Michael K. Chapman, Esq.
mchapman@bedardlawgroup.com
Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, Georgia 30097
Phone: 678-253-1871

David M. Schultz, Esq.
Peter E. Pederson, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle St., Ste. 300
Chicago, IL 60601
Direct: 312-704-3604
Fax: 312-704-3001

**Attorneys for Defendant, United Recovery Systems, LP**

131388815v1 0973019

# INTRODUCTION

By order dated April 7, 2016, this Honorable Court stayed this case pending the Supreme Court's resolution of *Spokeo, Inc. v. Robins*, No. 13-1339. (Doc. 45). The Supreme Court has now issued its ruling. *See Spokeo*, *Inc. v. Robins*, ___ U.S. ___, 2016 WL 2842447, at *5 (U.S. May 16, 2016). Consistent with the stay order, United Recovery Systems, LP ("URS") files this memorandum to notify the Court of the ruling in *Spokeo*. In this filing, URS also shows that, under the *Spokeo* holding, plaintiff has not established an injury in fact under Article III of the Constitution because he alleges only a violation of a procedural right under a federal statute without any concrete harm. Because this is insufficient for Article III standing, URS submits that the Court should dismiss this case for lack of jurisdiction. Should the Court not dismiss the case for lack of standing, URS requests that the Court grant URS's motion to strike (Doc. 27) plaintiff's class allegations. The motion to strike is now fully briefed.

## *SPOKEO*'S ELABORATION OF THE CASE-OR-CONTROVERSY REQUIREMENT UNDER ARTICLE III

In *Spokeo*, the plaintiff brought a class action alleging that the defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by publishing on the Internet consumer reports that contained false information about the plaintiff and putative class members. In support of his individual claim, the plaintiff alleged that the defendant published a consumer report concerning the

plaintiff that misstated his family background, age, income, and education. The plaintiff alleged that the defendant violated, *inter alia*, 15 U.S.C. §1681e(b), which requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy" of consumer reports, and 15 U.S.C. § 1681e(d), which requires a consumer reporting agency to notify users of consumer information of their responsibilities under the FCRA. 2016 WL 2842447, at *3. The district court dismissed the FCRA claims for lack of Article III standing because the plaintiff had not alleged a concrete and particularized injury. The Ninth Circuit reversed, holding that the defendant allegedly "violated [plaintiff's] statutory rights, not just the statutory rights of other people," and his "personal interests in the handling of his credit information [were] individualized rather than collective." *Robins v. Spokeo*, 742 F.3d 409, 413-414 (9th Cir. 2014).

The Supreme Court, however, reversed and remanded because the circuit court had not adequately analyzed whether the plaintiff presented the concrete harm required for standing. The Court began its analysis with an overview of the requirements for federal jurisdiction under Article III of the Constitution.

That constitutional provision limits the jurisdiction of the federal courts to "Cases" and "Controversies." *Spokeo*, 2016 WL 2842447, at *5. A plaintiff's standing to sue is a prerequisite to the existence of a case or controversy. *Spokeo*, 2016 WL 2842447, at *5. The doctrine of standing "limits the category of litigants

empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 2016 WL 2842447, at *5. Standing requires that the plaintiff have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 2016 WL 2842447, at *5 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130 (1992)). The plaintiff has the burden of establishing these elements. *Spokeo*, 2016 WL 2842447, at *5. The plaintiff must "clearly ... allege facts demonstrating" each element of standing. *Spokeo*, 2016 WL 2842447, at *5. Even "named plaintiffs who [seek to] represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 2016 WL 2842447, at *5 n. 6 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n. 20, 96 S.Ct. 1917 (1976)).

With regard to claims for statutory damages under federal law, the Court stated that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing," because injury in fact is a constitutional requirement. *Spokeo*, 2016 WL 2842447, at *6. To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and

"actual or imminent, not conjectural or hypothetical." *Spokeo*, 2016 WL 2842447, at *6.

The Ninth Circuit erred by looking only to whether the plaintiff's injury was particularized—meaning it affected the plaintiff in a "personal and individual way"—without also addressing whether the plaintiff's injury was concrete. Concreteness requires a *de facto* injury, meaning one that is "real and not abstract." *Spokeo*, 2016 WL 2842447, at *7. While an intangible injury can satisfy the concreteness requirement in some cases, *Spokeo* holds that a court should look to two factors in determining whether an intangible injury is sufficient: First, because the case-or-controversy requirement is grounded in historical practice, a court should look to whether an "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 2016 WL 2842447, at *7. Second, Congress's judgment about what "intangible harms … meet minimum Article III requirements" is also instructive and important. *Id.* The Court has recognized that "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Id.*

But Congress's power to create claims for statutory damages does not mean that a plaintiff automatically satisfies "the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue

131388815v1 0973019

to vindicate that right." *Id*. A concrete injury is required "*even in the context of a statutory violation.*" *Id*. (emphasis added). A plaintiff cannot, for example, "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. Rather, a violation of a procedural right granted by a statute must create "a real risk of harm." 2016 WL 2842447, at *8. The Court analogized allowing claims for statutory damages where there is a real risk of harm to the common-law rule that victims of libel and slander *per se* may sue for damages even "if their harms may be difficult to prove or measure." 2016 WL 2842447, at *8 (citing Restatement (First) of Torts §§ 569 (libel), 570 (slander per se )). It is only when the purported procedural violation carries a real risk of harm that a plaintiff is not required to allege "any additional harm beyond the one Congress has identified" in granting a right to sue to vindicate a procedural right. 2016 WL 2842447, at *8.

Applying these principles to the plaintiff's FCRA claims, the Supreme Court offered two conclusions: (1) In enacting the FCRA, Congress sought to "curb the dissemination of false information." (2) But nevertheless the plaintiff could not satisfy Article III by alleging a bare procedural violation of the FCRA without real harm. The Court doubted that a consumer reporting agency's failure to provide the required notice to a user of the agency's consumer information could result in harm when that information was entirely accurate. The Court also stated that not all

inaccuracies "cause harm or present any material risk of harm." As an example, the Court stated that it was unlikely that the publication of an incorrect zip code could work a concrete harm. 2016 WL 2842447, at *8.

The Ninth Circuit had not appreciated the distinction between concreteness and particularization of injury, and it had not analyzed whether the "procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." Hence, the Court remanded the case for further proceedings, without deciding whether the plaintiff had alleged injury in fact. *Id*.

## UNDER *SPOKEO*, PLAINTIFF LUSTER DOES NOT ALLEGE A CONCRETE HARM SUFFICIENT FOR ARTICLE III STANDING

Here, plaintiff alleges that URS violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system to call his cell phone, without his consent. (1st Am. Cplt. ¶¶1, 63 (Doc. 4)). However, plaintiff does not allege a concrete injury that gives rise to a case or controversy under Article III. Plaintiff does not allege actual harm or injury stemming from defendant's conduct. Plaintiff does not seek actual damages. He requests only statutory damages. (1st Am. Cplt. prayer for relief). He does not allege he incurred charges for any call allegedly made by URS. Nor does plaintiff allege any real risk of harm stemming from defendant's purported violations of the TCPA. He has alleged "a bare procedural violation, divorced from any concrete harm." In the absence of any allegation of actual harm, plaintiff is left with a claim

like the FCRA plaintiff who alleges a harmless error in a credit report, like an incorrect zip code. As a result, plaintiff has not satisfied the injury-in-fact requirement of Article III, as interpreted by the Supreme Court in *Spokeo*, and this case should be dismissed pursuant to Rule 12(b)(1).

The Eleventh Circuit's holding in *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015), is not to the contrary. There, the court found that the defendant's violation of the TCPA's prohibition against unsolicited fax advertisements created standing to sue under Article III. The *Palm Beach* holding is inapplicable here, for several independent reasons. First, *Palm Beach* involved the prohibition against transmission of unsolicited fax advertisements, while this case involves the prohibition against making automated or prerecorded message calls to cell phones. 47 U.S.C. § 227(b)(1)(A)(iii), § 227(b)(1)(C).

Second, the harms that Congress sought to prevent by placing restrictions on the use of automated dialing equipment have not occurred here, while the harms that Congress sought to prevent with the prohibition against fax advertisements had been established in *Palm Beach*. The TCPA's restrictions on automated dialing equipment seek to guard against: (1) the use by telemarketers of automated dialing equipment in such a way that a telephone line is seized up until a prerecorded message is played; and (2) the use by telemarketers of automated dialing

equipment to call people on residential phone lines to deliver solicitation messages. *See* H.R. REP. 102-317, 10 (discussing telemarketers' use of automatic telephone dialing systems and noting that once "a phone connection is made, automatic dialing systems can 'seize' a recipient's telephone line and not release it until the prerecorded message is played, even when the called party hangs up"); TELEPHONE CONSUMER PROTECTION ACT OF 1991, PL 102–243, December 20, 1991, 105 Stat 2394, §2(5)-(10) (in enacting TCPA, Congress found that unrestricted telemarketing was invasion of privacy, that consumers were outraged by telemarketing calls to their homes, and that residential telephone subscribers considered calls made with automated dialing equipment as nuisance).

Here, URS allegedly made collection calls, not telemarketing calls to plaintiff. (1st Am. Cplt.) Collection calls are not telemarketing, and therefore the second harm (making telemarketing calls to residential phone lines) could not have occurred. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Ruling No. 07-232, 23 FCC Rcd. 559 ¶ 4 (finding that collection calls are not telemarketing because they do not deliver commercial solicitations). Relatedly, URS is not alleged to have called plaintiff's residential phone number. (1st Am. Cplt.) And although plaintiff vaguely alleges receiving "at least one prerecorded message" call from defendants (1st Am. Cplt. ¶32), he does not identify the date of the prerecorded message call or the defendant

that made it; the complaint is consistent with the fact that URS did not make the call. In fact, URS's records demonstrate that it never played a prerecorded message when it called the subject number (404-379-1970). Finally, there is no allegation that plaintiff incurred charges due to URS's alleged calls.

Thus, the harm Congress sought to curb with the prohibition plaintiff invokes (§ 227(b)(1)(A)(iii)) has not been established here. In contrast, in *Palm Beach*, the plaintiff *had* shown the presence of the harm that Congress sought to guard against in 47 U.S.C. § 227(b)(1)(C), which prohibits unsolicited fax advertisements. With that prohibition, Congress aimed to prevent advertisers from occupying "the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." *Palm Beach*, 781 F.3d at 1252 (citing H.R. REP. 102-317, 10). The *Palm Beach* plaintiff had established that kind of harm because "the fax information was successfully transmitted" by defendant and "the transmission occupied the telephone line and fax machine of" the plaintiff. *Id*. Here, in contrast, plaintiff has not established that URS made telemarketing calls, that such calls were made to a residential line, that any URS call involved a prerecorded message, or that plaintiff incurred any charges due to URS's calls.

Finally, the *Palm Beach* holding has been superseded and must be reexamined to the extent it frees a litigant of the burden of establishing a concrete

injury before the litigant may sue for statutory damages arising from an alleged violation of a procedural right. Because plaintiff here has merely alleged a procedural violation without any concrete harm or risk of harm, he has not established an injury in fact, and his claims should be dismissed for lack of standing.

## CONCLUSION

For the above reasons, URS respectfully requests that this Honorable Court dismiss the complaint for lack of injury in fact and constitutional standing.

Dated: May 26, 2016                    Respectfully submitted,

                                       BEDARD LAW GROUP, P.C.

                                       s/ Michael K. Chapman
                                       John H. Bedard, Jr.
                                       Georgia Bar No. 043473
                                       Michael K. Chapman
                                       Georgia Bar No. 322145

                                       *Counsel for Defendant,*
                                       *United Recovery Systems, LP*

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

                                       HINSHAW & CULBERTSON LLP

                                       s/ Peter E. Pederson
                                       David M. Schultz

11

(Illinois ARDC #6197596)
Admitted *Pro Hac Vice*
Peter E. Pederson
(Illinois ARDC #6270416)
Admitted *Pro Hac Vice*

*Counsel for Defendant,*
*United Recovery Systems, LP*

Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: (312) 704-3604
ppederson@hinshawlaw.com

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certify that this document has been prepared using Times New Roman 14 point font.

This 26th day of May, 2016.                    Respectfully submitted,

BEDARD LAW GROUP, P.C.

s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145


HINSHAW & CULBERTSON LLP

s/ Peter E. Pederson
Admitted *Pro Hac Vice*
Peter E. Pederson
Illinois ARDC #6270416

*Attorneys for Defendant, United Recovery Systems, LP*

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **FREDERICK LUSTER,** on behalf of himself and all others similarly situated, | ) <br> ) CIVIL ACTION NO. <br> ) 1:15-cv-00489-MHC <br> ) |
| **Plaintiff,** | ) <br> ) |
| **AUDAX GROUP, LP,** a Delaware Limited Partnership, and | ) <br> ) <br> ) |
| **UNITED RECOVERY SYSTEMS, LP,** a Texas Limited Partnership, and | ) <br> ) <br> ) |
| **AID ASSOCIATES, INC.** d/b/a Plaza Associates, a New York Corporation, | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2016, I electronically filed this document using the CM/ECF System, which will automatically send email notification of such filing to the following attorneys of record:

James M. Feagle
jfeagle@skaarandfeagle.com

Justin T. Holcombe
jholcombe@skaarandfeagle.com

Kris K. Skaar
krisskaar@aol.com

Alexander Burke
ABurke@BurkeLawLLC.com

131388815v1 0973019

Respectfully submitted,

BEDARD LAW GROUP, P.C.

s/ Michael K. Chapman
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

*Counsel for Defendant,*
*United Recovery Systems, LP*

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd., Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

HINSHAW & CULBERTSON LLP

s/ Peter E. Pederson
David M. Schultz
(Illinois ARDC #6197596)
Admitted *Pro Hac Vice*
Peter E. Pederson
(Illinois ARDC #6270416)
Admitted *Pro Hac Vice*

*Counsel for Defendant,*
*United Recovery Systems, LP*

Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: (312) 704-3604
ppederson@hinshawlaw.com

131388815v1 0973019